**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 17-00272 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CRAIG DAVID, JR. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Before the Court is Petitioner Craig David's ("David") Motion for Compassionate Release. See Record Document 48. David has also filed supplemental briefs with the Court. See Record Documents 52, 53, 55. The Government has opposed David's motion. See Record Document 50. For the reasons set forth below, David's Motion for Compassionate Release is hereby **DENIED**.

**BACKGROUND**

On October 25, 2017, David was charged in a seven count Indictment with one count of using a facility of interstate commerce to entice a minor to engage in sexual activity, multiple counts of receiving child pornography, multiple counts of producing child pornography, and one count of possession of child pornography. See Record Document 12. On January 23, 2018, he entered a plea of guilty to one count of receipt of child pornography. See Record Documents 28, 31, 35. On June 27, 2018, David was sentenced to 168 months imprisonment and supervised release for 20 years. See Record Documents 42, 43, 44.

According to the Presentence Investigation Report, David, a Breaux Bridge police officer, committed sexual misconduct with a minor. See Record Document 41 at ¶¶ 17-20. David used his cell phone to communicate with and arrange a sexual encounter with

one of his co-worker's sixteen year old daughter.  See id. at ¶ 17.  Forensic examination of David's cell phone revealed communications between David and the minor wherein David requested sexually explicit photographs and videos.  See id. at ¶¶ 18-20.  David also solicited the minor to engage in sex with him.  See id.

David is currently incarcerated at Englewood FCI in Littleton, Colorado.  His projected release date is December 29, 2029.

## LAW AND ANALYSIS

David seeks compassionate release due to several health conditions.  See Record Document 48.  He cites diabetes, heart conditions, hypertension, and several other medical conditions as the basis for his request for compassionate release.  See id.  He also states that he takes the medication Lisinopril on a daily basis and such medication "is proven to increase the chance of becoming ill and or death from Covid-19."  Id. at 1.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)  upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2)  "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3)  where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, David moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).  Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling

reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). David has exhausted his administrative remedies and the Court will proceed to the merits of his motion.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in David's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are

only binding on the Court when the motion for compassionate release is brought on the prisoner's behalf by the BOP. See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021). The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4. Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release. See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the

COVID-19 outbreak may affect whether an inmate can show extraordinary and compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Here, the Government concedes David has at least one condition, i.e., diabetes, recognized by the CDC as a COVID-19 risk factor, thus constituting an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A). See Record Document 50 at 9.[1] Notwithstanding, granting compassionate release in this case would not comport with the

---

[1] In one of his supplemental filings, David stated that he had "contracted Corona Virus and [was] currently in quarantine." Record Document 53. Courts have generally denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus. See U.S. v. Baker, No. CR 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020), citing U.S. v. Dan, 2020 WL 3453845, at *5 (D. Haw. June 24, 2020) (explaining that defendant already tested positive for COVID-19, was deemed recovered, and did not claim that he was currently suffering from any symptoms); U.S. v. Mogan, 2020 WL 2558216, at *4 n.29 (E.D. La. May 20, 2020) ("[G]iven Petitioner's current COVID-19 diagnosis, granting his request would not enable him to obtain the relief he sought by filing this motion – avoiding contracting COVID-19."); U.S. v. Russo, 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying otherwise meritorious motion for compassionate release because defendant tested positive for COVID-19 during the pendency of the motion); U.S. v. McCollough, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020) ("Since Defendant has contracted COVID-19, the relevant questions concern (1) the course of his illness, (2) the state of his health, (3) his prognosis, and (4) the adequacy of the care and treatment being provided to him in BOP given his pre-existing conditions. ... Defendant had a mild case of the virus and has recovered. There is no evidence that the circumstances surrounding Defendant's health or treatment are extraordinary or compelling."). The Court sees no reason to vary from this general practice in the instant matter.

factors enumerated in Section 3553(a).  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  The nature and circumstances of David's offense and his history and characteristics disfavor release. David pled guilty to receipt of child pornography.  The underlying offense conduct is egregious in nature and involved grooming a child for sexual intercourse.  The offense occurred while he was a police officer.  These factors weigh heavily against release. Additionally, an early release at this juncture simply would not reflect the seriousness of David's offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant.  A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct.

## CONCLUSION

Based on the foregoing reasons, David's Motion for Compassionate Release (Record Document 48) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of September, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT